BRADLEY *et al. v.* STAFFORD *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

MECHANICS' LIENS—ON PROPERTY SUBJECT TO MORTGAGE FOR FUTURE ADVANCES—NOTICE.

> The lien of a mortgage to secure payment for building materials contracted for by the mortgagor, and stored by the vendor until the former should be ready to receive them, is not affected by a mechanic's lien filed by a third person before the delivery of the materials, where the mortgagee knew of the mechanic's lien when he delivered the materials, and defendant, who purchased under the lien foreclosure, and seeks to set aside the mortgage, knew of the existence of the mortgage.

Appeal from special term, New York county.

Action by Edwin A. Bradley and others to foreclose a mortgage. Miles A. Stafford impleaded with others, interposed a defense. Judgment for plaintiffs, and Stafford appeals.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*S. V. R. Cooper,* for appellant. *A. Prentice,* for respondents.

BARTLETT, J. The plaintiffs are manufacturers of building trimmings and inside house decorations. The defendant Rosenstock was putting up a house on a lot which he owned in East One Hundred and Nineteenth street, in the city of New York. A contract was made between the plaintiffs and Rosenstock, whereby they undertook to make and deliver, and he undertook to take and pay for, certain materials to be used in such building, at the agreed price of $3,000. To secure payment of this sum, Rosenstock gave the plaintiffs the mortgage in suit, which was executed on November 24, 1883, and payable on or before February 24, 1884. The materials to which the contract related, were manufactured and ready for delivery to Rosenstock by the 18th of December, 1883, but he was not ready to take them then, inasmuch as the building was not yet in a proper condition to receive them. Accordingly the goods were stored by the plaintiffs. Meanwhile, Rosenstock, who was building another house in Seventy-Seventh street, bought some window-frames for that house from the plaintiffs, and agreed that payment therefor should also be secured by the $3,000 mortgage already given. Subsequently, Rosenstock conveyed the One Hundred and Nineteenth-Street property, through a third person, to his wife, and then joined with her in a deed to Flora Sawyer, recorded on March 8, 1884. Flora Sawyer continued the construction of the building thereon, and her employes applied to the plaintiffs for a part of the materials which had been made for Rosenstock, whereupon the plaintiffs delivered to them two lots of goods which were used on the premises. The present suit is brought to foreclose the mortgage; the amount claimed thereon being only the value of these two lots of material, and of the windows furnished to Rosenstock for use in the Seventy-Seventh-Street property, making $799.38 in all. The only defense is interposed by Miles A. Stafford, who purchased the mortgaged property upon the foreclosure of a mechanic's lien filed February 1, 1884. The delivery of the windows at Seventy-Seventh street was before this date, and there can be no serious question but that the mortgage is enforceable to the amount of their value, ($243.) The deliveries of material at One Hundred and Nineteenth street,

however, were after the filing of the mechanic's lien under which the defendant Stafford has obtained title; and he contends that the lien takes priority of the mortgage in suit, because its existence was known to the plaintiffs when they delivered the building material upon the premises.

In the argument for the appellant the mortgage is characterized as mortgage to secure the payment of future advances. I do not think that was the nature of the instrument. The parties had entered into a contract for the purchase and sale of personal property, which imposed upon the plaintiffs the obligation to manufacture and deliver the property, and upon the defendant Rosenstock the obligation to take and pay for it. The purpose of the mortgage was to secure the payment of the moneys which should become due under this contract. On the 18th of December, 1883, when the plaintiffs had completed the manufacture of all the building materials, and were prepared to deliver them to Rosenstock, their right to payment became fixed, and from that time, at all events, the mortgage was a valid lien in their favor for the amount of the debt. Neither the subsequent conveyances, nor the filing of the mechanic's lien, operated to lessen the extent of the mortgage lien. Furthermore, it appears that it was upon the express request of the agent for Flora Sawyer to deliver, under this $3,000 mortgage, that the plaintiffs delivered the material after Flora Sawyer became the owner; and it is evident that the defendant Stafford knew all about the mortgage, and that the goods were to be obtained from the plaintiffs thereunder, long before he himself became the owner of the property. This is shown by the directions which he gave to the agent in reference to getting goods from the plaintiffs. His knowledge of the subject is still further apparent from the fact that the terms of the sale upon the foreclosure of the mechanic's lien, when he was the purchaser, stated that the premises were held subject to a mortgage of $3,000, on which the mortgagees claimed $799 38; and the referee's deed to Stafford conveys the property "subject to a mortgage of $3,000, on which the mortgagees claim there is due $799.38. Under these circumstances, it is not too much to assume that the price which the defendant Stafford had to pay, was lessened to the extent of the plaintiff's claim. No equity exists in his behalf which should prevent the enforcement of that claim against the property in his hands.

We think the case was correctly decided below, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurring.